UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| GARY L. ROBBINS | ) | Case No. 08-32181 |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| BRIAN ULLOM | ) | |
| ON TRAXX SOLUTIONS, INC. | ) | |
| | ) | |
| Plaintiff(s) | ) | |
| vs. | ) | AP No. 08-3107 |
| GARY L. ROBBINS | ) | |
| | ) | |
| Defendant(s) | ) | |

**MEMORANDUM**

This adversary proceeding comes before the Court on the Motion to Dismiss Counterclaim filed by the Plaintiff, Brian Ullom. The Defendant, Gary L. Robbins, filed a response in opposition to the motion to dismiss. Upon consideration of the motion, the response, and the record in this case, the Court grants the Motion to Dismiss.

**I.    FACTS**

1. Defendant filed for Chapter 7 bankruptcy relief on May 27, 2008.

2. With the bankruptcy petition, the Defendant filed his sworn bankruptcy schedules. Schedule B lists of all the Defendant's personal property. Section 21 of Schedule B asked the Defendant to list "Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims." In response, the Defendant checked the box marked "None." Section 35 asked the Defendant to list "Other personal property of any kind not already listed." Again, the Defendant checked the box marked "None."

3. On July 21, 2008, the Defendant filed an Amended Schedule F, wherein he listed the Plaintiffs as unsecured creditors. The Defendant did not amend Schedule B.

4. On September 25, 2008, Plaintiffs filed this adversary proceeding against the Defendant. In the complaint, the Plaintiffs alleged that the Defendant obtained money or property by false pretenses, false representation, or actual fraud; that the Defendant breached his fiduciary duty and committed fraud or defalcation while acting in a fiduciary capacity; that the Defendant committed embezzlement and/or larceny; and that the Defendant caused willful and malicious injury to the Plaintiffs. These allegations stemmed from a failed business venture that started in 2005 and ended in April 2006.

5. On September 26, 2008, the Defendant received his discharge in the main bankruptcy case.

6. On October 24, 2008, the Defendant filed his answer to the complaint filed by the Plaintiffs. The answer denied the material allegations raised in the complaint and included counterclaims for fraud, breach of contract, and breach of fiduciary duty. Like the complaint, the counterclaims related to actions that took place in late 2005.

7. On November 13, 2008, the Plaintiffs moved to dismiss the counterclaims. The Plaintiffs alleged that the Defendant lacked standing to assert the counterclaims, and that the Chapter 7 Trustee was the real party in interest with respect to these claims. The Plaintiffs further alleged that the Defendant was estopped from bringing these counterclaims under the equitable doctrine of judicial estoppel. Specifically, the Plaintiffs alleged that due to the Defendant's failure to list these counterclaims in his sworn bankruptcy schedules, he is now estopped from bringing these same claims.

8. On November 26, 2008, the Defendant responded to the Plaintiffs' motion to dismiss

counterclaim. In the response, the Defendant acknowledges that the counterclaim should have been listed., but explains the failure was inadvertent. Defendant further admits that he raised these same counterclaims in a state court action in July, 2006, and therefore, he contends that the Plaintiffs would not suffer any hardship if these counterclaims are allowed. Finally, the Defendant concedes that any recovery on the counterclaim would belong to the Bankruptcy Estate and should be distributed to his creditors.

## II. LEGAL DISCUSSION

The Court must address two separate issues in deciding whether to grant the Plaintiffs' motion to dismiss counterclaim. First, the Court must determine whether these claims were properly scheduled and abandoned by the Chapter 7 trustee upon the closing of the case. If not, then the claims remain property of the bankruptcy estate, thereby making the Chapter 7 trustee the party with standing to pursue these claims. Second, and somewhat related to the first issue, is whether the plaintiffs are barred by the doctrine of judicial estoppel from pursuing these claims. Like the first issue, this issue also turns on whether the Defendant properly listed the claims in his bankruptcy schedules.

Section 554 of the Bankruptcy Code provides, in part:

> (c) Unless the court orders otherwise, any property scheduled under section 521(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title.

When property is properly scheduled by the debtor and information concerning the asset has been properly disclosed to the trustee, property vests back to the debtor if it is not administered prior to the closing of the case. 11 U.S.C. § 554(c); *In re Hunter*, 76 B.R. 117 (Bankr. S.D. Ohio 1987). As can be seen by the quoted Code section and the principle of the *Hunter* case, the key to this issue

3

lies in the disclosure of the asset on the schedules. A pre-petition asset which was not properly disclosed in a debtor's schedules is not deemed abandoned and remains property of an estate. *See In re Arboleda*, 224 B.R. 640 (Bankr. N.D. Ill. 1998); *In re Peebles*, 224 B.R. 519 (Bankr. D. Mass. 1998); *In re Winburn*, 167 B.R. 673 (Bankr. N.D. Fla. 1993). In this case, there can be no dispute that Defendant failed to schedule these counterclaims. While the Defendant did amend his schedules to include the Plaintiffs as unsecured creditors, no mention was ever made of a possible counterclaim against the Plaintiffs. Section 21 of Schedule B specifically asks for all contingent and unliquidated claims. Every debtor in bankruptcy has an absolute obligation to schedule every asset on their bankruptcy schedules. 11 U.S.C. § 521(1). The duty to disclose is a continuing one that does not end once the forms are submitted to the bankruptcy court. Full and honest disclosure in a bankruptcy case is "crucial to the effective functioning of the federal bankruptcy system." *Ryan Operations G.P. v. Santiam-Midwest Lumber Co. et al.*, 81 F.3d 355, 362 (3d Cir.1996); *In re Hamilton*, 306 B.R. 575, 585 (Bankr. W.D. Ky. 2004) ("Full disclosure is the cornerstone and capstone of any bankruptcy case and is necessary for the successful administration of a bankruptcy estate.").

Because these counterclaims were not listed by the plaintiffs, the trustee could not evaluate the claims to determine if the claims should be pursued by the estate. The Defendant's argument that any recovery would go to the Bankruptcy Estate misses the point. Debtors may not selectively list assets in their sworn schedules. Because these counterclaims were known to the Defendant at the time he filed his bankruptcy petition, and not listed in the bankruptcy schedules as required by § 521(1), they were not abandoned by the operation of § 554. Accordingly, the counterclaims remain property of the bankruptcy estate and the Chapter 7 trustee is the party with proper standing

to pursue any or all of these claims.

The Court could grant the motion to dismiss on this ground alone. The Court will, however, address the other argument for dismissal, judicial estoppel. Judicial estoppel is an equitable doctrine invoked at a Court's discretion. *New Hampshire v. Maine*, 532 U.S. 742, 750, 121 S.Ct. 1808, 1815, 149 L.Ed.2d 968 (2001) (internal citations and quotations omitted). The doctrine of judicial estoppel "prevent[s] a party from taking a position inconsistent with one successfully and unequivocally asserted by the same party in a prior proceeding." *See Reynolds v. Commissioner*, 861 F.2d 469, 472 (6th Cir.1988). The doctrine of judicial estoppel is utilized in order to preserve "the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship." *Teledyne Indus., Inc. v. NLRB*, 911 F.2d 1214, 1218 (6th Cir.1990). Judicial estoppel may be used to bar would-be plaintiffs who failed to schedule causes of action in their prior bankruptcy cases. Honorable William Houston Brown, Lundy Carpenter, & Donna T. Snow, *Debtors' Counsel Beware: Use of the Doctrine of Judicial Estoppel In Nonbankruptcy Forums*, 75 Am. Bankr. L.J. 197, 228 (2001) (*citing, e.g.*, *Jinright v. Paulk*, 758 So.2d 553 (Ala. 2000)).

The Defendant contends that his failure to schedule the counterclaims was inadvertent. While judicial estoppel may be used to preclude a debtor from asserting claims not scheduled, it should not be used in situations of inadvertence or mistake. *See, e.g.*, *United States v. Hussein*, 178 F.3d 125, 130 (2d Cir.1999); *King v. Herbert J. Thomas Mem'l Hosp.*, 159 F.3d 192, 196-97 (4th Cir.1998); *Helfand v. Gerson*, 105 F.3d 530, 536 (9th Cir.1997). In *Browning v. Levy*, 283 F.3d 761(6th Cir. 2002), the Sixth Circuit adopted the test used by the Fifth Circuit to determine if an omission was inadvertent. Under the Fifth Circuit test, as outlined in *In re Coastal Plains, Inc.*, 179 F.3d 197 (5th Cir.1999), there are two circumstances under which a debtor's failure to disclose a cause of action

5

in a bankruptcy proceeding might be deemed inadvertent. One is where the debtor lacks knowledge of the factual basis of the undisclosed claims, and the other is where the debtor has no motive for concealment. *Id.* at 210; *De Leon v. Comcar Indus., Inc.*, 321 F.3d 1289 (11th Cir. 2003) (debtors knew of claims and stood to benefit from their omission from the bankruptcy schedules). In the case *subcontractor judice*, as evidenced by the state court action, there is no question that the Defendant knew of these counterclaims and the factual basis underlying the counterclaims. With respect to motive, the failure to list these counterclaims would result in any monetary damages going to the Defendant as opposed to the bankruptcy estate. Defendant's contention that he would now turn the proceeds over to the bankruptcy estate does not change the fact that he had motive to conceal the counterclaims. Under the test adopted by Sixth Circuit in the *Browning* case, this Court must conclude that the failure to list the counterclaims was not inadvertent. Because the failure to list these counterclaims was not inadvertent, the Defendant cannot now turnaround and pursue the very same claims.

      To conclude, the Court finds that at the time Defendant filed this bankruptcy case, he possessed numerous counterclaims against the Plaintiffs. These claims were not listed in the Defendant's original bankruptcy schedules, nor added by amendment. Because the counterclaims were not properly scheduled, they were not abandoned by the Chapter 7 trustee and remain property of the bankruptcy estate. Consequently, the Chapter 7 trustee, and not the Defendant, is the party with standing to pursue these claims. Additionally, and alternatively, because the counterclaims were not properly scheduled, and the failure was not inadvertent, the doctrine of judicial estoppel precludes the Defendant from going forward with these counterclaims. For the reasons set forth above, an order dismissing the Defendant's counterclaims will be entered this same date.

David T. Stosberg
United States Bankruptcy Judge

Dated: December 3, 2008

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| In re: ) | |
| GARY L. ROBBINS ) | Case No. 08-32181 |
| ) | |
| Debtors ) | |
| ) | |
| BRIAN ULLOM ) | |
| ON TRAXX SOLUTIONS, INC. ) | |
| ) | |
| Plaintiffs ) | |
| vs. ) | AP No. 08-3107 |
| GARY L. ROBBINS ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## ORDER OF DISMISSAL

Pursuant to the court's Memorandum entered this same date and incorporated herein by reference, and the court being otherwise sufficiently advised,

**IT IS ORDERED** that the Defendant's counterclaims be and are hereby **DISMISSED**.

David T. Stosberg
United States Bankruptcy Judge

Dated: December 3, 2008